IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIDGET BIRKENFIELD, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 17-1196 |
| NANCY BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this social security appeal is Plaintiff's Cross Motion for Summary Judgment (Document No. 11), Defendant's Cross Motion for Summary Judgment (Document No. 14), and Defendant's Cross Motion Brief and Response to Plaintiff's Cross Motion for Summary Judgment (Document No. 15). After considering the cross motions for summary judgment, the administrative record, and the applicable law, the Magistrate Judge ORDERS, for the reasons set forth below, that Defendant's Cross Motion for Summary Judgment (Document No. 14) is GRANTED, Plaintiff's Cross Motion for Summary Judgment (Document No. 11) is DENIED, and the decision of the Commissioner is AFFIRMED.

## I. Introduction

Plaintiff, Bridget E. Birkenfield ("Birkenfield") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") denying her application for disability insurance benefits. Birkenfield argues that the Administrative Law Judge ("ALJ"), Lantz McCain, erred by ruling that her skin disease was not a severe impairment. Birkenfield seeks an order reversing the ALJ's decision, and awarding her benefits, or in the alternative, remanding her claim for further consideration. The Commissioner responds that substantial evidence of record supports her decision, that the ALJ applied the proper legal standards in reaching his decision, that Birkenfield was not disabled, and requests that this Court affirm the Commissioner's decision.

## II. Administrative Proceedings

On September 19, 2012, Birkenfield filed a Title II application for disability insurance benefits claiming to be disabled beginning December 21, 2011, due to allergic rhinitis, asthma, food allergies, and eczema. The Social Security Administration denied her application initially on November 7, 2012, and upon reconsideration on April 15, 2013. Birkenfield then filed a written request for hearing on June 12, 2013, which the Social Security Administration granted, and the ALJ held a hearing on January 20, 2015. Birkenfield appeared at the hearing and chose to testify without the assistance of an attorney. On February 27, 2015, the ALJ issued his decision finding Birkenfield not disabled. (Document No. 6-3, 14-22).

Birkenfield sought review by the Appeals Council of the ALJ's decision. The Appeals Council will grant a request to review an ALJ's decision if it appears that the ALJ abused his discretion, the ALJ made an error of law in reaching his conclusions, a broad policy issue may

affect the public interests, or there is new and material evidence and the decision is contrary to the weight of all the record evidence. On July 29, 2016, the Appeals Council denied Birkenfield's request for review of the ALJ's decision. (Tr. 5-7, 30). At this point, the ALJ's findings and decision became final.

Birkenfield timely filed her appeal of the ALJ's decision. The Commissioner has filed a Cross Motion for Summary Judgment (Document No. 14). The Plaintiff has filed a Motion for Summary Judgment (Document No. 11). This appeal is now ripe for ruling.

The evidence is set forth in the transcript, pages 1 through 585. (Document No. 6). There is no dispute as to the facts contained therein.

### III. Standard for Review of Agency Decision

In review of the Commissioner's final decision of denial of disability benefits, the Court is limited to two inquiries: "to determine (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). The Court is also limited by, Title 42, Section 405(g), which states that any finding of fact by the Commissioner is "conclusive." 42 U.S.C. § 405(g). Conflicts of evidence are for the Commissioner to resolve, not the Court. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 1994). Moreover, the Court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute its judgment" in place of the Commissioner's decision. *Chaparo v. Bowen*, 815 F.2d 1008, 1009 (5th Cir. 1987). However, the Act grants the district court the power to enter judgment, based on the pleadings and transcript, by "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" if his decision is not supported by

substantial evidence. 42 U.S.C. § 405(g). In coming to this conclusion, the Court must consider the "record in its entirety." *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979).

Substantial evidence, is defined by the United States Supreme Court, as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence has a also been defined as "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). When determining whether there is substantial evidence the court weighs four types of evidence in the record, which are objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

## IV. Burden of Proof

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving her entitlement to disability insurance benefits under the Act. *Johnson v. Bowen*, 846 F.2d 340, 344 (5th Cir. 1988). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

*Id.* § 423(d)(2)(A). A diagnosis of an impairment is not enough to establish that a claimant is suffering from a disability, and one is only classified as disabled if she is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milan v. Bowen*, 782 F.2d 1284 (5th Cir. 1986)).

> The Commissioner applies a five-step sequential process to determine disability status:
>
> (1) If a claimant is working and engaging in substantial gainful activity a finding of "not disabled" must be made. (2) A claimant who does not have a "severe impairment" will not be found to be disabled. (3) A claimant who "meets or equals a listed impairment in Appendix 1" of the Regulations will be presumed disabled and benefits awarded. (4) If a claimant is capable of performing the work she has done in the past, a finding of "not disabled" must be made. (5) If a claimant's impairment precludes her from doing any other substantial gainful activity, taking into consideration her age, education, past work experience, and residual functional capacity, she will be found disabled.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). During the sequential process the Claimant bears the burden of proving her disability in steps one through four. If the claimant is able to do so, the burden shifts to the Commissioner for the fifth and final step, who must show that the claimant can perform other work. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). However, if the Commissioner finds that other jobs are available, then the burden shifts back to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). At any point in the five-step process, if the claimant is found to be disabled, or not disabled, the analysis ends. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ determined, in his February 27, 2015, decision that Birkenfield was not disabled at step-two of the sequential process. The ALJ determined that Birkenfield's skin disease and asthma were not severe impairments. The Court must determine if substantial evidence supports this determination.

## V. Discussion

Plaintiff argues that the Commissioner erred in denying benefits at Step two of the five-step sequential evaluation process. The ALJ found that Plaintiff's skin condition and asthma were not severe and found that Plaintiff was not disabled from December 21, 2011, the alleged onset date, through June 30, 2013, the date last insured. According to Plaintiff, she suffers from a debilitating skin condition as demonstrated by her frequent visits to physicians. She also points to the statements of her family members which she argues corroborate that she is disabled due to her debilitating skin condition. Plaintiff argues that the ALJ failed to apply the standard set forth by the Fifth Circuit in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), and that the matter must be remanded.

The Commissioner has responded and argues that substantial evidence supports the ALJ's determination at step two. In response to Plaintiff's arguments that the ALJ failed to cite to, and apply the standard announced by the Fifth Circuit in *Stone*, that Commissioner concedes that the ALJ did not cite to *Stone* or apply the standard set forth by the Fifth Circuit in *Stone*, but that the error was harmless given the ALJ's comprehensive review of the medical records, testimony, and activities of daily living, and that substantial evidence supports the step two determination. The Magistrate Judge agrees.

In the instant action, the ALJ determined, in his February 27, 2015, decision that Birkenfield last met the insured status on June 30, 2013, and that she had not engaged in substantial gainful activity from her alleged onset date of December 21, 2011, through the date she was last insured (step one); that she had medically determinable impairments, skin condition and asthma but that she did not have a severe impairment or combination of impairments that

6

significantly limit her ability to perform basic work related activities (step two) and that she was not disabled.

At step two, the claimant bears the burden of showing that she has a severe impairment or combination of impairments. A severe impairment is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *cf.* 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). The step two requirement that the claimant have a severe impairment is generally considered to be "a de minimis screening device to dispose of groundless claims." *Smoven v. Chater*, 80 f.3d 1273, 1290 (9th Cir. 1996) (citing to *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987)). The regulations require a claimant to show only "*a* severe" impairment, that is *one* severe impairment in order to avoid a denial of benefits at step two. As such, the failure to find a particular impairment severe at step two is not reversible as long as the ALJ finds that at least one other impairment is severe. Moreover, even if an impairment is found non-severe at step two, at step four, an ALJ must "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC]." 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* Social Security Ruling 96-8p, 1996 WL 374184, at *5. The Fifth Circuit Court of Appeals in *Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985) set forth the standard for determining whether a claimant's impairment is severe. The Fifth Circuit wrote:

> 'an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'"

*Id.* at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). As such, under *Stone*, an impairment causing *any* interference with work ability, even minimal interference, is a severe impairment. *see Scroggins v. Astrue*, 598 F.Supp.2d 800, 805 (N.D.Tex.2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work."). *Stone* further instructs that the ALJ must set forth the appropriate standard by either citing to *Stone* or by applying the Fifth Circuit's construction of §404.1520(c). *Stone*, 752 F.2d at 1106. The Fifth Circuit further instructed that should an ALJ fail to properly apply *Stone* severity standard, that the matter must be reversed and remanded. *Id.* at 1106. A year later, in *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986), elaborated that a Court at step two applying *Stone* must go beyond the "magic words" and determine whether the correct severity standard was applied by the ALJ.

Here, the ALJ, without mention of *Stone*, wrote in pertinent part: "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1521; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p). (Tr. 15). This language mirrors the language at issue in *Sanders v. Astrue*, No. 3:07-cv-1827-GBH, 2008 WL 4211146, at *7 (N.D.Tex. Sept. 12, 2008), where the ALJ applied the same "non severe" standard. In *Sanders*, the Court found the language inconsistent with the *Stone* because it allowed for a finding of "non severe" if the impairment had "at most, a minimal effect on a claimant's ability to work" and *Stone*. *Id.* at 8. Because the standard applied by the ALJ was inconsistent with *Stone*, the matter was remanded. *See Scroggins v. Astrue*, 598 F.Supp. 2d 800, 806-07 (N.D.Tex. 2009). In contrast, other Federal courts in the Fifth Circuit interpreting *Stone* held that an ALJ's failure to reference *Stone* and/or

apply an incorrect severity standard does not automatically require that the matter be remanded and instead have considered whether the error was harmless, *see Taylor v. Astrue,* No. 3:10-cv-1158-O-BD, 2011 WL 401506, at *6 (N.D. Tex. June 27, 2011), *adopted by* 2011 WL 4091503 (N.D.Tex. Sept. 14, 2011), *aff'd*, 706 F.3d 600 (5th Cir. 2012); *Yazez v. Colvin,* No. 3:12-cv-1796-K-BG, 2013 WL 4766836, at *3 (N.D.Tex. Sept. 5, 2013); *Jones v. Astrue,* 691 F.3d 730, 733 (5th Cir. 2012)("The Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced the plaintiff.") or have held that *Stone* error of may be rebutted by a showing that the correct legal standard was actually applied by the ALJ. *see Morris v. Astrue,* No. 4:11-cv-631-Y, 2012 WL 4468185, at *9 (N.D.Tex. Sept. 4, 2012).

Here, even though the ALJ did not cite *Stone* and misstated the *Stone* severity standard, in light of the detailed, comprehensive discussion of the medical records (Tr.19- 21), testimony of Plaintiff and her husband (Tr. 18), the opinion of the disability determination unit physicians (Tr. 21), the function reports (Tr. 18), Plaintiff did not, and cannot demonstrate that, had the ALJ found her impairments to be severe, it might have led to a different outcome, and that she was prejudiced by this error. Upon the record, substantial evidence supports the ALJ's finding that Plaintiff's impairments were not severe, and that the *Stone* error was harmless.

The medical records show that Birkenfield's rash responded to treatment, for example, on October 2, 2012, the Plaintiff claimed to be "doing well." Dr. Saadeh noted that Birkenfield had no signs of secondary infection, eczema improved, and allergic rhinitis and asthma were stable. (Tr. 244). Six months later, Birkenfield, on April 8, 2013, Birkenfield's treatment report shows her to be "generally healthy, no changes in strength, good appetite." (Tr. 351). She had no pain in

her eyes and her lungs were clear, but she had gained nine pounds due to injuring her knee. Her thought process was intact, and she was said to communicate well, but had some depressive symptoms. *Id.* One month later, on May 7, 2013, she wanted more antibiotics for her rash, but her weight was down, and her health was said to be the same. (Tr. 320). A month and a half later, on June 25, 2013, Birkenfield reported a lump on her breast, but her skin was improved, and her weight was down eleven pounds due to diet and exercise. (Tr. 322, 364, 265).

That was the last appointment, before her date last insured. A biopsy that was taken, on August 14, 2013, of her skin and lymph nodes showed no evidence of malignancy or immunophenotypic abnormalities. (Tr. 300, 301, 377). On March 4, 2014, Dr. Browning noted that the Plaintiff had not had any recent infections. (Tr. 312). On April 28, 2014, Nurse Practitioner Griffith noted that her symptoms improved with steroids, her eczema was much improved, and her impetigo was resolved. (Tr. 333, 526-530). Three months later, on July 8, 2014, Lorina Wilhelm, at Allergy ARTS, noted that Birkenfield's allergic rhinitis was stable. (Tr. 531-536). On January 6, 2015, Dr. Saadeh treatment note shows that Birkenfield reported that her rash has not appeared again, her impetigo improved, her allergic rhinitis is clinically stable, but she did complain of muscle weakness. (Tr. 575-580).

With respect to Birkenfield's daily activities, the ALJ discussed that she "cooks, cleans, takes care of pets, can attend personal care, work in the garden, does housework and laundry, drove and shopped in stores, and had no problem getting along with others or with attention, following instruction, memory, or concentration" (Tr. 18,21, 124-29). Many of the physical functions required in exercising and gardening are the same as the basic work abilities described by the ALJ, in determining the limitations of an impairment. Also, the lab results from her skin

and lymph nodes came back negative for malignancy or immunophenotypic abnormalities, which means, at the time, she had no signs of cancerous cells. (Tr. 300, 301, 377).

"A dismissal at step two without consideration of all the evidence 'can result in a premature, improper cessation of the sequential analysis to the prejudicial detriment of the claimant." *Pena v. Astrue*, No. M-14-914, 2015 WL 10550964, 8 (S.D. Tex. Dec. 30, 2015). When assessing if the record was fully developed, the Court must ask, "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.2d 378 393 (5th Cir. 2000).

The ALJ "is under a heightened duty to scrupulously and conscientiously explore all relevant facts", when the Plaintiff appears *pro se*. *Castillo v. Barnhart*, F.3d 550, 552-52 (5th Cir. 2003). However, "reversal is only appropriate if the claimant shows that she was prejudiced as a result of the insufficient record." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).

The Plaintiff also claims that the Commissioner failed to fully develop the record. She was *pro se* throughout, and she claims that the ALJ failed consider the significance and frequency of her impairments. (Document 11, 3,5,6,21).

As discussed above, the ALJ did not simply pick out only the information that would support his decision, but rather, made a determination based on the record as a whole. The ALJ's decision shows that he considered the Plaintiff's medical records along with her activities of daily life and found that the impairments alleged limitations were not supported by the medical records. (Tr. 18-22). The law is clear that "where a claimant's statements concerning the intensity, persistence, or limiting effects of symptoms are not supported by objective evidence, the ALJ has the discretion to make a finding on their credibility and that determination is entitled to considerable deference." *Foster v. Astrue*, 277 Fed.Appx. 462 (5th Cir. 2008).

The ALJ also gave great weigh to the two state Disability Determination Service medical consultants, who independently reviewed the record on October 30, 2012 and April 12, 2013 respectively. The doctor opined, "The impairment or combination of impairments did not significantly limit physical or mental ability to do basic work activities." (Tr. 56-61). The second expert agreed with that assessment in his independent review and opined that the "Claimant's limitations were not supported by the evidence or record and they are considered non-credible." (Tr. 63-70).

As for the statements of Plaintiff's sister and father, regarding the limitations of Birkenfield's activities due to her skin condition, their statements were corroborative and cumulate of the Plaintiff's testimony and that of her husband. Both the lay statements focused on the Plaintiff's appearance and not on how her impairments limit her ability to perform work-related activities. The ALJ was not "erroneously acting as a doctor" when he determined that the Plaintiff was not disabled. "What Plaintiff characterizes as the ALJ failing to consider medical facts or non-medical evidence is actually the ALJ properly interpreting the medical evidence to determine Plaintiff's capacity to work." *Taylor v. Astrue*, 706 F.3d 603 (5th Cir. 2012). Any error by the ALJ to discuss the statements was harmless.

## IX. Conclusion

Considering the record as a whole, the Court is of the opinion that substantial evidence supports the ALJ's decision, which direct a finding that Birkenfeld was not disabled within the meaning of the Act, and that the Commissioner's decision should be affirmed. As such, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 11) is DENIED), Defendant's Motion for Summary Judgment (Document NO. 14) is GRANTED, and the decision of the Commissioner of Social Security is AFFIRMED.

Signed at Houston, Texas, this 28th day of June, 2018

*signature*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE